# 21-1782-cr

## In the United States Court of Appeals for the Second Circuit

United States of America,

Appellee,

v.

Branden Davis,

Defendant-Appellant.

On Appeal from the United States District Court
For the Western District of New York

## BRIEF FOR APPELLEE UNITED STATES OF AMERICA

TRINI E. ROSS
United States Attorney
*Attorney for Appellee*
United States Attorney's Office
100 State Street, Suite 500
Rochester, New York 14614
(585) 399-3953

SEAN C. ELDRIDGE
Assistant United States Attorney
*of Counsel*

# TABLE OF CONTENTS

Page No.

Table of Authorities .......................................................................... i

Preliminary Statement ..................................................................... 1

Statement of Jurisdiction ................................................................. 1

Combined Statement of the Case and Statement of Facts ............................. 2

Statement of the Issue Presented for Review .................................................. 9

Summary of the Argument ............................................................... 9

Argument.......................................................................................... 10

    I.    The Sentence Was Procedurally and Substantively Reasonable ...... 10

        A.  Governing Law and Standard of Review ................................. 10
        B.  Discussion ................................................................................ 14

Conclusion......................................................................................... 21

Certificate of Compliance ................................................................. Attached

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Gall v. United States,*
  552 U.S. 38 (2007) ...................................................................... 10

*Rita v. United States,*
  551 U.S. 338 (2007) ................................................................... 11

*United States v. Allen,*
  662 F. App'x 80 (2d Cir. 2016) ................................................. 16

*United States v. Balde,*
  943 F.3d 73 (2d Cir. 2019) ........................................................ 12

*United States v. Booker,*
  543 U.S. 220 (2005). .............................................................. 2, 18

*United States v. Broxmeyer,*
  699 F.3d 265 (2d Cir. 2012).................................................13, 14

*United States v. Canova,*
  412 F.3d 331 (2d Cir. 2005)....................................................... 11

*United States v. Capanelli,*
  479 F.3d 163 (2d Cir. 2007)....................................................... 19

*United States v. Cassesse,*
  685 F.3d 186 (2d Cir. 2012)....................................................... 12

*United States v. Catul,*
  687 F. App'x 44 (2d Cir. 2017) ................................................. 17

*United States v. Cavera,*
  550 F.3d 180 (2d Cir. 2008)................................10, 11, 12, 14, 18

*United States v. Concepcion,*
  983 F.2d 369 (2d Cir. 1992)....................................................... 18

i

*United States v. Corsey,*
  723 F. 3d. 366 (2d Cir. 2012)......................................................... 10

*United States v. Fairclough,*
  439 F.3d 76 (2d Cir. 2006) .......................................................... 17

*United States v. Feaster,*
  833 F. App'x 494 (2d Cir. 2020) .................................................. 17

*United States v. Florez,*
  447 F.3d 145 (2d Cir. 2006)....................................................13, 20

*United States v. Haskins,*
  713 F. App'x 23 (2d Cir. 2017) ................................................... 16

*United States v. Kimber,*
  777 F.3d 553 (2d Cir. 2015)......................................................... 10

*United States v. Miley*,
  257 F. App'x 416 (2d Cir. 2007)  ............................................... 17

*United States v. Mumuni Saleh,*
  946 F.3d 97 (2d Cir. 2019) .......................................................... 13

*United States v. Pope*,
  554 F.3d 240 (2d Cir. 2009)......................................................... 14

*United States v. Rigas*,
  583 F.3d 108 (2d Cir. 2009).....................................................13, 20

*United States v. Robinson*,
  702 F.3d 22 (2d Cir. 2012) .......................................................... 11

*United States v. Robinson*,
  799 F.3d 196 (2d Cir. 2015).......................................................... 11

*United States v. Rosa*,
  957 F.3d 113 (2d Cir. 2020)......................................................... 11

ii

*United States v. Rubin,*
   743 F.3d 31 (2d Cir. 2014) ........................................................ 17

*United States v. Villafuerte,*
   502 F.3d 204 (2d Cir. 2007) ................................................. 12, 16

*United States v. Watkins,*
   667 F.3d 254 (2d Cir. 2012) ...................................................... 10

*United States v. Wernick,*
   691 F.3d 108 (2d Cir. 2012) ...................................................... 19

## FEDERAL STATUTES

18 U.S.C. § 922(g)(1) .................................................................. 1

18 U.S.C. § 924(a)(2) ................................................................... 1

18 U.S.C. § 3553(a) .......................................................... *passim*

18 U.S.C. § 3553(c) ...................................................... 10, 11, 12

18 U.S.C. § 3742(a)(1) ................................................................ 2

18 U.S.C. § 3231 ......................................................................... 2

28 U.S.C. § 1291 ......................................................................... 2

## PRELIMINARY STATEMENT

About 15 years prior to these charges, Defendant-Appellant Branden Davis was convicted of the same offense: being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) and was sentenced to 70 months in prison. (PSR ¶ 55[1]). After being released from custody, Davis twice violated his supervised release conditions and was sent back to prison for an additional 18 months. (*Id.;* A 49-50). Then, after two additional felony convictions (PSR ¶ 60), at age 34, Davis was confronted by police while he was carrying a 9mm handgun on the streets of Rochester (PSR ¶¶ 20-3). Davis ran from the police and tossed the loaded gun in a residential neighborhood. (*Id.*)

## STATEMENT OF JURISDICTION

Davis waived indictment and pleaded guilty to being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (A 8-10, 26, 36-8). The district court sentenced Davis to 48 months in prison and entered final judgment on July 9, 2021. (A 87, 93-9). On July 21, 2021, Davis timely filed a notice of appeal. (A 100).

---

[1] References to "A" are to the filed Appendix and to "PSR" are to the Presentence Investigation Report, filed under seal.

1

The district court had jurisdiction pursuant to 18 U.S.C. § 3231. This Court has jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1) provides jurisdiction to review sentences allegedly imposed in violation of law.

## COMBINED STATEMENT OF THE CASE
## AND STATEMENT OF FACTS

Under the plea agreement, the advisory United States Sentencing Guidelines range was either 15 to 21 months or 18 to 21 months, depending on whether the district court applied an enhancement for reckless endangerment during flight. (A 13-5). Davis faced a maximum prison term of 10 years, and the plea agreement reserved Davis's and the government's right to argue for any sentence outside of the advisory Guidelines range[2]. (A 11, 15-6). The district court did not apply the reckless endangerment during flight enhancement, so Davis's advisory Guidelines range was 15 to 21 months. (A 68-9). The district court (Geraci, Jr. then-C.J.) also adopted the detailed 22-page Presentence Investigation Report. (A 69).

---

[2]    Davis's brief repeatedly and inaccurately characterizes to his 48-month sentence as being above the "expected sentence," above the "expected maximum prison term," above "the maximum term contemplated in the plea agreement," and "more than doubling an expected sentence," or other similar language. *See* Davis Br. at 2, 4, 12, 13, 15, 16, 17, 22. The only "maximum term" Davis faced was that statutory maximum of 10 years since the Sentencing Guidelines are only advisory. *United States v. Booker*, 543 U.S. 220 (2005). In addition, the plea agreement specifically permitted both parties to seek any sentence outside of the advisory range. (A 15-6).

In both its written submissions and at sentencing, the government advocated for a sentence of at least 70 months, in line with the sentence Davis received in 2005 for committing the same crime. (A 48-51, 69-76). In support, the government highlighted Davis prior record, which captured some 13 prior convictions including four felonies. (A 49-50). The facts underlying Davis' prior federal firearm conviction and 70-month sentence were strikingly similar to his current conviction. In the prior case, officers responded to a location and observed Davis. When the officer attempted to speak with Davis, he ran from the police and discarded a handgun while fleeing. (A 50; PSR ¶ 55). Here, although almost 15 years later, Davis conducted himself the same way: he possessed an illegal firearm in Rochester, ran from the police, and discarded that gun in a public place. (PSR ¶¶ 20-3).

The government also recounted the PSR's description of Davis' violations while under court supervision, and his further crimes after release. (A 72-76; PSR ¶¶ 55-60). After being released from his federal sentence, Davis twice violated his release conditions and was sentenced to an additional 18 months in prison. (A 50, PSR ¶ 55). After that, he was convicted of crimes ranging from driving without a license to felony drug charges that involved selling cocaine. (A 50, PSR ¶ 56-60). In fact, Davis had pleaded guilty and was awaiting

sentencing on the felony cocaine sale charges just 17 days before he was arrested in this case. (*Id*).

Based on Davis' lengthy record, his history of non-compliance, and his continued possession of illegal firearms in Rochester, the government argued that the district court's sentence "must deter [Davis] from committing this crime yet again; must deter members of the public from possessing illegal firearms; must account for the seriousness of the offense, especially where [Davis] tossed a loaded firearm on a public street in a similar fashion to one of his prior convictions; and must protect the community from such conduct." (A 51, 69-76).

In arguing for a sentence that should be at least in line with the prior 70-months sentence, the government also observed:

> the danger of guns in our community I think has always been obvious, and all of us involved in the criminal justice system see it every day. But I think the danger of guns in our community maybe has never been more obvious than it is right now. The gun violence in the city is on the increase, and both this community and this defendant need to know that illegal gun possession simply won't be tolerated. And if you choose to possess an illegal gun in the city, there will be a severe penalty to pay for that especially, especially if you've already committed that exact same crime previously, then violated on supervision, committed a new drug crime, and are back possessing illegal firearms again.

(A 76).

4

Davis sought a sentence within the advisory guidelines range of 15 to 21 months. (A 58, 77). He argued that his crime was a "purely possessory offense" for which he had accepted responsibility, and that his prior 70-month sentence for the same crime may have done more harm than good. (A 56-7). Davis' counsel also agreed that "gun crimes are on the rise in the city and elsewhere, and the Court does certainly need to take that into consideration. But the Court needs to consider this occurred I think more than a year ago, before the recent spike in gun violence in the city." (A 78).

In imposing sentence, the district court described and discussed the factors it reviewed and considered in imposing sentence. (A 81-8). The district court referenced Davis' age and education (A 81); his family background (A 84); his health and physical condition (*id.*); his prior employment record (*id.*); and his prior substance use record (*id.*). The district court also recounted the facts and circumstances regarding the offense (A 82); and worked through Davis' lengthy criminal history.

The district court noted that Davis had recently pleaded guilty to a state felony drug charge and was expecting to receive a two year sentence for that crime (A 81-2) and recounted Davis's prior felon in possession of a firearm conviction before the same court for which he received a 70-month sentence. (A 82).

5

More specifically, regarding Davis' prior convictions, the district court noted Davis' (1) youthful offender adjudication in 2002 for attempted assault in the third degree; (2) conviction in 2002 for unauthorized use of motor vehicle; (3) youthful offender adjudication in 2002 for criminal possession of a controlled substance in the third degree, and criminal possession of controlled substance fifth degree; (4) conviction in 2005 for criminal possession of marijuana in the fourth degree; (5) 2003 conviction for possession of burglary tools; (6) 2004 conviction for criminal possession controlled substance in the seventh degree which also resulted in a bench warrant being issued; (7) 2005 conviction in the Western District of New York for being a felon in possession of a firearm where he was sentenced to 70 months in prison and then violated the conditions of supervised release and was resentenced to 18 months in federal prison; (8) 2010 conviction for driving while ability impaired; (9) 2015 conviction for aggravated unlicensed operation of a motor vehicle in the second degree; (10) 2019 and 2020 convictions for unlicensed operation of motor vehicle; and (11) 2020 conviction for criminal possession controlled substance third degree, again noting that he pleaded guilty and then committed the crime he was being sentenced for 17 days later and while he was pending sentencing on those state charges. (A 82-4).

The district court told Davis that it "has to consider a number of factors" in imposing sentence and started with the "nature and circumstances of the

6

offense." (A 84). The court specifically noted that Davis was in possession of a weapon, marijuana and baggies that appeared to be packaging for drug sales, and pointed out that Davis "fled from the police and discarded a loaded weapon on a city street." (*Id.*).

Addressing the history and characteristics of Davis, the district court observed his "long history here, and concerning obviously is the fact that you were convicted of this very same charge in this court in 2005." (A 85). While Davis "didn't have a lot of serious charges" between 2010 and 2019, he then "got right back into it in July of 2019," when Davis was arrested on a felony drug charge. (*Id.*). "[E]ven more disturbing is the fact that you pled guilty on July the 20th of 2020, and 17 days later were arrested in possession of a weapon with a package of marijuana at that time. So it's a serious offense." (*Id.*).

The district court was also concerned with Davis' candor and the genuineness of his remorse. Davis had previously told the court that he was selling drugs due to the COVID-19 pandemic, but the district court correctly pointed out that it was "before COVID when you were arrested for possession of controlled substances obviously for substances packaged for sale." (A 85). The court also opined that it was "really struggling with the sincerity of your statements here (about not committing further crimes) because of your history in the past." (*Id.*).

7

The district court recited that the sentence imposed needed to "indicate promotion for respect for the law, and is just punishment, not greater than necessary, to accomplish purposes of sentencing, but also deter you and others from engaging in this criminal activity in the future." (A 85-6). And with an offense level of 12 and criminal history category of III, the advisory sentencing Guidelines range was 15 to 21 months, which the court found "not adequate to address the seriousness of the offense here or your criminal history." (A 86).

The district court emphasized that "deterrence is now probably even stronger than it was in the past" given the gun violence in Rochester. (A 86). "[T]he word has to get out there that if you decide to be in the city with a loaded gun and run around the city, there's consequences to that and there's serious consequence to that." (*Id.*).

The district court also observed that the uptick in community gun violence "is probably very bad timing for you." (A 86). But at the same time, the court correctly noted that Davis' crime occurred "prior to this spike in violence in the city." (*Id.*). On balance, the district court found that "guns on the street, carrying loaded weapons on the street cannot be tolerated" and "this sentence, and your particular fact situation, has to also be a deterrent to you and to the community that this is not going to be tolerated." (A 87).

Following its detailed and thoughtful analysis of all of the parties sentencing submissions, written and oral, and after due consideration of the § 3553(a) factors, the district court imposed the 48-month sentence.

## STATEMENT OF THE ISSUE PRESENTED FOR REVIEW

Whether, on plain error review, the district court sufficiently explained the reasons for imposing a 48-month sentence, and whether that sentence is substantively reasonable.

## SUMMARY OF THE ARGUMENT

Davis' sentence was both procedurally and substantively reasonable. The district court appropriately calculated the applicable advisory Sentencing Guidelines range, considered the § 3353(a) factors, and explained its rationale for imposing a 48-month sentence. Though Davis suggests for the first time on appeal that the stated reasons for the sentence were insufficient, the district court took all due care in its explanation and no more was required. The ultimate sentence was one that was well-within the district court's broad discretion. It was fully supported by the facts of this case and by the law, and is not shockingly high. As such, the sentence was both procedurally and substantively reasonable, and this Court should affirm the judgment and sentence.

# ARGUMENT

## I. The Sentence Was Procedurally and Substantively Reasonable

### A. Governing Law and Standard of Review

This Court reviews a district court's sentencing decisions for reasonableness under a deferential abuse-of-discretion standard. *See Gall v. United State*s, 552 U.S. 38, 46 (2007); *United States v. Watkins*, 667 F.3d 254, 260 (2d Cir. 2012). Reasonableness review "encompasses two components: procedural review and substantive review." *Watkins*, 667 F.3d at 260 (internal quotation marks omitted); *see also United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc).

### 1. Procedural Reasonableness

18 U.S.C. § 3553(c) requires the court to "state in open court the reasons for its imposition of the particular sentence." This Court has made clear that the sentencing judge "need not utter robotic incantations repeating each factor that motivates a sentence." *United States v. Corsey*, 723 F.3d 366, 374 (2d Cir. 2013) (per curiam). And "[a]bsent record evidence suggesting the contrary, we presume that a sentencing judge has faithfully discharged her duty to consider the statutory factors, and have steadfastly refused to require judges to explain or enumerate how such consideration was conducted." *United States v. Kimber*, 777 F.3d 553, 565 (2d Cir. 2015) (cleaned up).

10

This Court has further held that "the 'statement' requirement of § 3553(c) sets a low threshold." *United States v. Rosa*, 957 F.3d 113, 119 (2d Cir. 2020). And "while the court must explain how it arrived at a given sentence, it need not engage in a prolonged discussion of its reasoning … ." *United States v. Robinson*, 799 F.3d 196, 202 (2d Cir. 2015) (cleaned up). "The appropriateness of brevity or length, conciseness or detail, when to write, what to say, depends upon circumstances." *Rita v. United States*, 551 U.S. 338, 356 (2007). The "context and the record" may render a district court's explanation adequate even where "the judge might have said more." *Id.* at 359. Moreover, "a brief statement of reasons will generally suffice where the parties have addressed only straightforward, conceptually simple arguments to the sentencing judge." *Cavera*, 550 F.3d at 193 (internal quotation marks omitted).

When preserved, procedural review centers "on the sentencing court's compliance with its statutory obligation to consider the factors detailed in 18 U.S.C. § 3553(a)." *United States v. Canova*, 412 F.3d 331, 350 (2d Cir. 2005). A sentence is procedurally unreasonable if the district court "fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Robinson*, 702 F.3d 22, 38 (2d Cir. 2012).

11

Because "[s]entencing is a responsibility heavy enough without our adding formulaic or ritualized burdens," *Cavera*, 550 F.3d at 193, this Court has declined to "insist that the district court address every argument the defendant has made or discuss every § 3553(a) factor individually;" "prescribe any formulation a sentencing judge will be obliged to follow in order to demonstrate discharge of the duty to consider the Guidelines;" or otherwise require "robotic incantations by district judges." *United States v. Villafuerte*, 502 F.3d 204, 210 (2d Cir. 2007) (cleaned up); *see also United States v. Cassese*, 685 F.3d 186, 192 (2d Cir. 2012) ("Section 3553(c) requires no specific formulas or incantations.").

However, Davis did not raise his sentencing objections below, so this Court's review is for plain error. *Villafuerte*, 502 F.3d at 211 ("We now hold that plain error analysis in full rigor applies to unpreserved claims that a district court failed to comply with § 3553(c)."). To establish plain error, Davis must establish that (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings. *United States v. Balde*, 943 F.3d 73, 96 (2d Cir. 2019) (internal quotation marks omitted); *Villafuerte*, 502 F.3d at 209.

## 2.    Substantive Reasonableness

This Court's "review of a sentence for substantive reasonableness is particularly deferential" in part because of "a district court's unique fact-finding position, which allows it to hear evidence, make credibility determinations, and interact directly with the defendant … thereby gaining insights not always conveyed by a cold record." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012). Thus, this highly deferential standard "provide[s] a backstop for those few cases that, although procedurally correct, would nonetheless damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009); *see also United States v. Mumuni Saleh*, 946 F.3d 97, 107 (2d Cir. 2019) (observing that "a sentence is outside the range of permissible decisions when it is manifestly unjust or when it shocks the conscience") (internal quotation marks omitted). Accordingly, review by an appellate court is expressly not an invitation for "tinkering with any sentence that appellate judges simply do not like," *id.*, and this Court will not substitute its own judgment for that of the sentencing judge. *United States v. Florez*, 447 F.3d 145, 158 (2d Cir. 2006).

District courts use the Guidelines as a "starting point" and then make an independent sentencing determination, taking into account the "nature and

13

circumstances of the offense and the history and characteristics of the defendant" and all other statutory factors. 18 U.S.C. § 3553(a); *see Cavera*, 550 F.3d at 188-89. A sentence of imprisonment above the applicable Guidelines range is entitled to no less deference than one that falls within the Guidelines range. *See United States v. Pope*, 554 F.3d 240, 247 (2d Cir. 2009). Moreover, "[t]he particular weight to be afforded aggravating or mitigating factors is a matter firmly committed to the discretion of the sentencing judge." *Broxmeyer*, 699 F.3d at 289 (internal quotation marks omitted). Generally, if "the ultimate sentence is reasonable and the sentencing judge did not commit procedural error in imposing that sentence, [this Court] will not second guess the weight (or lack thereof) that the judge accorded to a given factor or to a specific argument made pursuant to that factor." *Pope*, 554 F.3d at 246-47 (internal quotation marks omitted).

## B. Discussion

### 1. The Sentence Was Procedurally Reasonable

In determining the appropriate sentence, the district court carefully addressed many of the § 3553(a) factors, including the nature and circumstances of the offense (A 82), the history and characteristics of the defendant (A 81-5), the seriousness of the offense (A 84-5), the need to afford adequate deterrence (A 86-7), and the need to protect the public from further crimes of the defendant

(*id.*). Davis did not object to the district court's procedure, but now claims that the district court did not give sufficient reasons for imposing a 48-month prison term, making his sentence procedurally unreasonable. He is incorrect.

Here, the district court adopted the detailed, 22-page PSR (A 69), which the court worked through at sentencing. (A 64-9, 81-7). In doing so, the court overruled the government's objection and declined to impose a two-level enhancement for reckless endangerment during flight. (A 68-9). There were no other objections to the PSR (A 69), and with a criminal history category of III and an offense level of 12, the advisory Sentencing Guidelines range was 15 to 21 months in prison. (A 84).

After an analysis of the § 3553(a) factors (A 81-87), the district court determined that an above-guidelines sentence of 48 months was appropriate "to address the seriousness of the offense here" (A 86), to address Davis' lengthy criminal history, including a prior conviction for the same offense where he was sentenced to 70 months and a drug conviction that occurred 17 days prior to the acts in this case (A 83-6), to "send a very clear message" that illegal firearm possession will not be tolerated, and to deter both Davis and the community from possessing illegal firearms in the future. (A 86-7). That explanation was more than "sufficient to 'inform[ ] the defendant of the reasons for his sentence,' to 'permit[ ] meaningful appellate review,' and to 'enabl[e] the public to learn

15

why the defendant received a particular sentence.'" *United States v. Allen*, 662 F. App'x 80, 83 (2d Cir. 2016) (quoting *Villafuerte*, 502 F.3d at 210); *see also United States v. Haskins*, 713 F. App'x 23, 25 (2d Cir. 2017) (finding an above-Guidelines sentence more than double the high-end of the Guidelines procedurally reasonable where the district court addressed the § 3553(a) factors, explained the offense's seriousness, and cited the need to protect the public).

Further, the sentencing arguments made to the district court were not complicated. Davis argued that a within-guidelines sentence was sufficient for what he called a "purely possessory" offense, and the government argued that Davis's prior criminal history – especially his prior conviction for the same crime, for which he received a 70-month sentence – called for a significant sentence. (A 69-76, 77-9). The district court considered the parties submissions and the parties' statements at sentencing and issued a decision that took into account the § 3553(a) factors and resulted in a sentence sufficient, but not greater than necessary to accomplish the goals of sentencing.

## 2. The Sentence Was Substantively Reasonable

The sentence imposed is supported by the specific facts of this case and though above the Guidelines range, is not shockingly high or otherwise unsupported by the law. This Court has repeatedly affirmed above-Guidelines sentences similarly founded on the seriousness of the offense, the need for

deterrence, and the risk of recidivism. *See, e.g., United States v. Feaster*, 833 F. App'x 494 (2d Cir. 2020) (affirming 60-month sentence, above the Guidelines range of 27 to 33 months, where the district court relied on the defendant's history, his conduct, and the need for deterrence); *United States v. Catul*, 687 F. App'x 44, 45 (2d Cir. 2017) (affirming 108-month sentence, which was 42 months above the top of the Guidelines range, where the district court relied on the need for deterrence and to protect the public); *United States v. Rubin*, 743 F.3d 31, 35-39 (2d Cir. 2014) (affirming 36-month sentence where the Guidelines range was 18 to 24 months, where "the nature of the offense was particularly reprehensible" and there was "a strong likelihood of recidivism"); *United States v. Miley*, 257 F. App'x 416, 418 (2d Cir. 2007) (affirming 48-month sentence where the Guidelines range was 24 to 30 months, and the defendant had engaged in a pattern of crime throughout his adult life); *United States v. Fairclough*, 439 F.3d 76, 79-80 (2d Cir. 2006) (affirming 48-month sentence where the Guidelines range was 21 to 27 months, where the defendant had a series of convictions and the district court determined the lower range was insufficient to accomplish the goals of sentencing).

Davis' arguments to the contrary are misplaced. Davis now complains that the district court imposed a sentence, at least partially, based on increasing

17

gun violence in Rochester and argues that was improper. (Davis Br., at 12-7). This argument has several flaws.

First, Davis conceded this point below, so it is waived for purposes of this appeal. After the government argued for a sentence of at least 70 months and cited the local rise in gun crimes, Davis's counsel agreed that Rochester's gun violence was a factor that the district court should consider as part of the sentencing calculus. *See* A 78 ("gun crimes are on the rise in the city and elsewhere, and the Court does certainly need to take that into consideration…).

Second, there is nothing unusual about a district court considering local or societal conditions in determining an appropriate sentence, and Davis cites no case in support of his argument to the contrary. In fact, this Court's cases reject his argument. *See Cavera*, 550 F.3d at 201 (Katzmann, J., concurring) ("After *United States v. Booker*, a district court's consideration of local circumstances in assessing § 3553(a) factors cannot, by itself, manifest procedural error); *United States v. Concepcion*, 983 F.2d 369, 387 (2d Cir. 1992) (recognizing sentencing court's authority to "take into account any information known to it.").

Third, and perhaps most compelling, the district court explicitly acknowledged that the recent uptick in gun violence occurred after Davis' crime, and imposed sentence in light of Davis' "particular fact situation." (A 87).

Davis also argues that the district court's rejection of the reckless endangerment during flight enhancement undercuts its imposition of an above-Guidelines sentence based on the need to deter Davis or the community from engaging in such dangerous conduct. (Davis Br. at 22-3). Not so. It is well established that the advisory Sentencing Guidelines are the starting point and "but one factor to be considered in selecting an appropriate sentence" and that "notwithstanding the Sentencing Commission's assessment, reflected in the correctly applied Guidelines … the district court may make its own evaluation" of the § 3553(a) factors in determining the appropriate sentence. *See United States v. Wernick*, 691 F.3d 108, 119 (2d Cir. 2012).

Finally, Davis avers that the sentence was "an emotional reaction to patently generic events in the news" (Davis Br. at 14). The 27-page sentencing transcript suggests otherwise. The district court carefully reviewed the facts and circumstances of this case and defendant and imposed a sentence it found sufficient but not greater than necessary.

Ultimately, and even if Davis were correct about which particular factor bore more weight than others in the district court's calculus, his disagreement with how the district court weighed the § 3553(a) factors does not make his sentence unreasonable. *See United States v. Capanelli*, 479 F.3d 163, 165 (2d Cir. 2007) ("While a district court must consider each § 3553(a) factor in imposing a

19

sentence, the weight given to any single factor is a matter firmly committed to the discretion of the sentencing judge and is beyond our review." (internal quotation marks omitted)); *see also Florez*, 447 F.3d at 158 ("[T]he weight to be given any § 3553(a) factor[] is a matter firmly committed to the discretion of the sentencing judge and is beyond our [appellate] review, as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." (cleaned up).

Under these circumstances, the district court's sentence is not one that is so "shockingly high" as to "damage the administration of justice." *Rigas*, 583 F.3d at 123. Accordingly, this Court should decline Davis' request to substitute this Court's judgment for that of the district court and should affirm the judgment and sentence. *Florez*, 447 F.3d at 158.

20

## CONCLUSION

For the foregoing reasons, this Court should affirm the judgment of conviction and sentence.

Dated: February 11, 2022, at Rochester, New York.

Respectfully submitted,

TRINI E. ROSS
UNITED STATES ATTORNEY
Western District of New York
100 State Street, Suite 500
Rochester, New York 14614

By:  *s/ Sean C. Eldridge*
SEAN C. ELDRIDGE
Assistant United States Attorney
*Of counsel*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

United States of America,

                  Appellee,

                                      CA # 21-1782-cr

      -v-

Branden Davis,

                  Defendant-Appellant.

_____

      I, SEAN C. ELDRIDGE, Assistant United States Attorney for the Western District of New York, hereby certify that the foregoing brief complies with this Court's Local Rule 32.1(a)(4)(A) 14,000 word limitation in that the brief is calculated by the word processing program to contain approximately 4,587 words, exclusive of the Table of Contents and Table of Authorities.

                                       *s/ Sean C. Eldridge*
                                       SEAN C. ELDRIDGE
                                       Assistant U.S. Attorney